In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-4048

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TIMOTHY ROBINSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 07-CR-157—**J.P. Stadtmueller**, *Judge.*

ARGUED SEPTEMBER 16, 2008—DECIDED OCTOBER 23, 2008

Before CUDAHY, FLAUM, and ROVNER, *Circuit Judges*.

FLAUM, *Circuit Judge*.   Symone Evans told police that
her ex-boyfriend Timothy Robinson possessed a firearm
in his home. Based on this information, police recovered
a firearm and ammunition from Robinson's residence.
Since Robinson had a previous felony conviction, his
possession of the gun violated 18 U.S.C. § 922(g)(1). After
his indictment, Robinson filed a motion to suppress all
evidence seized from his residence, arguing that the
officer who obtained the search warrant made material

omissions in his supporting affidavit. Robinson also asked for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). The district court denied his motion to suppress as well as his request for a *Franks* hearing. For the reasons explained below, we affirm.

## I. Background

On March 27, 2005, approximately one month before the search warrant at issue in this case was obtained, Symone Evans, defendant Timothy Robinson's ex-girl-friend, was charged in Wisconsin's Ozaukee County Circuit Court with criminal damage to property and disorderly conduct. The complaining witness in the case was Robinson. Robinson explained to officers that he was at the Sybaris Pool Suites hotel with another woman when Evans came to the hotel. Evans banged on the door and Robinson went outside of the room to speak to her. Robinson stated that Evans began yelling and threatened him with a knife. Robinson ran to the hotel office; Evans followed him there and proceeded to bang on the office windows. Evans was arrested and charged with the two counts noted above. As part of her bail conditions, she was not to have contact with Robinson. Although Evans made her initial appearance on the charge, she failed to appear at a status conference on April 17, 2007 and a bench warrant was issued. Evans was charged with bail jumping on April 19, 2007.

On May 1, 2007, Evans went to Milwaukee police with information about Robinson's involvement in a domestic battery and possession of a firearm. In an affidavit sub-

mitted to the Milwaukee County Circuit Court, police officer Michael Wawrzyniakowski recounted Evans's statements in order to obtain a search warrant for Robinson's home. According to Officer Wawrzyniakowski, Evans stated that within 24 hours of May 1, 2007, she had observed Robinson armed with a black handgun inside his residence. The officer noted that Evans "had a very sound understanding of firearms basics and knew the difference between semi-automatic weapons, revolvers, rifles, shotguns, and non-firearm weapons like compressed air guns." Def. App. at 3. Officer Wawrzyniakowski also stated that Evans had described Robinson in detail and positively identified Robinson in a photograph. Finally, Officer Wawrzyniakowski attested that he had independently confirmed that Robinson had been convicted of a felony and that Robinson lived at the address provided by Evans.

Regarding Evans's credibility, Officer Wawrzyniakowski stated:

> This affiant believes that the "victim/witness" is credible because the "victim/witness" has come forward to this affiant to report the crime of Felon in Possession of a Firearm and Battery, Domestic Violence related. The "victim/witness" has also given personal knowledge of Robinson regarding the fact that he has prior felony arrests, is out on bail for "dealing drugs," and has known Robinson for thirteen (13) years.

> That the "victim/witness" has given this affiant information about herself regard [sic] the fact that she

> has outstanding warrants in Ozaukee County regarding Damage to Property. That the "victim/witness" has also given this affiant information on other subject's [sic] wanted on warrants that was confirmed through wanted checks.

Def. App. at 4. Officer Wawrzyniakowski did not include the details of the events at the Sybaris Pool Suites hotel and resulting charges, nor the fact that Evans had violated her bail conditions by going to Robinson's house the day before.

A search warrant was issued by the Milwaukee County Circuit Court on May 2, 2007. Officers seized a firearm and ammunition in Robinson's residence. Robinson was arrested, made incriminating statements to law enforcement, and was charged with possessing a firearm and possessing ammunition after he had been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

After Robinson was indicted, he filed a motion to suppress all evidence seized from his residence. Robinson argued that Officer Wawrzyniakowski's affidavit made material omissions because it did not include mention of the events at the Sybaris Pool Suites, the exact charges resulting from that altercation, or the conditions of Evans's subsequent bail. Robinson argued that these omissions were made either knowingly or with reckless disregard for the truth, and that the issuing court would not have found probable cause if the omitted information had been included. Robinson also asked for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

The presiding magistrate judge recommended that Robinson's motion to suppress be denied without a

hearing because the affidavit contained sufficient information to establish probable cause. The judge acknowledged that the criminal charges against Evans could detract from her credibility but noted that a person is less likely to maliciously utilize the criminal justice system for revenge where, as here, doing so exposes the person to criminal liability. The magistrate judge also stated that the battery charge that Evans mentioned to Officer Wawrzyniakowski was significant. As the judge stated: "Although it is not explicitly stated in the affidavit, it is fair to infer that Evans was the victim of the alleged battery. If Evans simply wanted to see to it that [Robinson] was harassed and perhaps arrested by the police, and she was willing to go to the extent of lying to the police to accomplish this, it would have been far easier to have just reported the crime of battery." Def. App. at 18. The magistrate judge concluded that even if all the information on Evans's arrest had been included in the affidavit, probable cause still would have existed.

Robinson objected to the magistrate judge's recommendation. However, in an oral ruling from the bench, the district judge adopted the recommendation. Regarding Evans's credibility, the district court stated:

> On the one hand, one might reasonably conclude that information regarding Miss Evans's criminal complaint demonstrates that there was clearly animosity between herself and Mr. Robinson. And had Miss Evans informed law enforcement of Mr. Robinson's offense due to a desire to harass Mr. Robinson this would clearly undermine her veracity and credibility.

On the other hand, it is important to consider the reality that Miss Evans was reporting not only the felon in possession crime but also a crime of domestic violence that he allegedly committed. In this sense the information that Evans and Robinson had been previously involved in altercations would only corroborate in the view of this Court a finding of probable cause.

Def. App. at 27-28. The district court ruled that the affidavit was supported by probable cause and that Robinson had not pointed to anything in the record demonstrating that the omission was intentional or reckless.

Robinson appeals the district court's denial of a *Franks* hearing.

## II.  Analysis

This Court reviews a district court's denial of a *Franks* hearing for clear error. *See United States v. Harris*, 464 F.3d 733, 737 (7th Cir. 2006). Although the factual portion of the clear error inquiry requires deference to the district court, any legal determinations that factored into the district court's ruling are reviewed de novo. *Id.*

The Fourth Amendment requires that, absent certain exceptions not applicable here, police must obtain a warrant from a neutral and disinterested magistrate before commencing a search. *See Jones v. Wilhelm*, 425 F.3d 455, 462 (7th Cir. 2005). No warrant shall issue unless there is probable cause, as typically set forth in a warrant affidavit, to justify the search. Probable cause is

established when, considering the totality of the circumstances, there is sufficient evidence to cause a reasonably prudent person to believe that a search will uncover evidence of a crime. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). The Fourth Amendment requires an evidentiary hearing regarding the veracity of information included in an application for a search warrant where the defendant makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. This Court has interpreted the holding of *Franks* to also apply to omissions in affidavits. *Harris*, 464 F.3d at 738 (citing *United States v. Williams*, 737 F.2d 594, 604 (7th Cir. 1984)). Therefore, a defendant may also challenge an affidavit by showing that the affiant intentionally or recklessly omitted material information. *See id.*; *see also Shell v. United States*, 448 F.3d 951, 958 (7th Cir. 2006).

Robinson argues that the district court erred in finding that the omissions in this case were not material or necessary to the probable cause determination. On review, we examine whether a hypothetical affidavit that included the omitted material would still establish probable cause. *See Harris*, 464 F.3d at 737. In this case, an examination of the "hypothetically inclusive" affidavit still supports a finding of probable cause. Probable cause is supported, first, by the fact that the affidavit referenced information provided by Symone Evans, a named source with long-standing ties to the defendant, not an anonymous or

unidentified person. Second, the type of information given by Evans bolstered the credibility of her story. Evans's allegation regarding the firearm in Robinson's residence was based on first-hand observations. Evans observed the firearm within 24 hours of approaching the police, so the gun was likely to still be in the home. Perhaps most importantly, Evans demonstrated a thorough and accurate understanding of firearms and provided credible detail about the type of firearm possessed by Robinson. Finally, police verified Evans's information as much as possible: police had Evans identify a photograph of Robinson, they verified that she had accurately identified Robinson's residence, and they verified Evans's information regarding Robinson's criminal history. *See, e.g.*, *United States v. Jones*, 208 F.3d 603, 609 (7th Cir. 2000) (listing factors to consider when weighing an informant's credibility, including the personal observations by the informant, the degree of detail given, and independent police corroboration of the informant's information).

While the omitted information could have detracted from the warrant-issuing judge's assessment of Evans's credibility, we agree with the magistrate and district judges that it might also have bolstered Evans's credibility in some ways. For instance, Evans's conduct at the Sybaris Pool Suites and resulting criminal charges certainly demonstrate that there was animosity between Evans and Robinson, and it would be reasonable for a judge to infer that such animosity could lead Evans to lie to the police about Robinson's criminal activity in an effort to harass him. However, in evaluating this omitted material, it is important to note that, in addition to re-

porting Robinson's possession of a firearm, Evans reported a "Battery, Domestic Violence related." Since Officer Wawrzyniakowsi referred to Evans as the "victim/witness" throughout the affidavit, it is reasonable to infer that Evans was the victim of the alleged battery. Thus, information regarding a prior violent altercation between Evans and Robinson could have bolstered Evans's credibility with regard to the alleged battery as it provided further evidence of a history of violence between the two.

Evans's violation of bail conditions also could have played a dual role in the issuing judge's evaluation of Evans's credibility. On the one hand, Evans's credibility could have been harmed if the issuing judge had known of Evans's violation of bail conditions, because a person who commits crimes and violates the terms of bail could be seen as categorically less trustworthy than a person who obeys court orders. On the other hand, Evans's admission that she had gone to Robinson's house the day before (where she saw the gun) was in itself an admission that she had violated her bail conditions. The issuing judge could have inferred that Evans's allegations were credible because she was providing the information about Robinson's crime despite her own contrary interest. As the magistrate judge said, "[a] judicial officer may infer that a person is less likely to maliciously utilize the criminal justice system as an instrument of revenge when doing so would subject her to criminal consequences not only if it was shown that she was fabricating allegations, but the mere act of making the allegations was an apparent admission to [a] crime . . . ." Def. App. At 17.

Significantly, Robinson does not dispute that Evans's credibility could have been enhanced if the issuing judge knew that she provided information to police despite her contrary interest.

Finally, we find it somewhat persuasive (though certainly not dispositive) that if Evans had decided to falsify a report in order to harass Robinson, she could have more easily accomplished that by only reporting a battery. By providing details regarding a felon-in-possession gun crime—including details regarding the residence, the gun in question, and Robinson's criminal history—Evans went over and above what was needed to harass Robinson. Moreover, Evans probably had some notion that, for the gun charge to stick, the police would have to recover the weapon. Her detailed account of the gun's description and location was therefore that much more credible.

Although the information regarding Evans's conduct at the Sybaris Pool Suites, the resulting criminal charges, and Evans's violation of bail conditions should have been included in the affidavit, we find that the omitted information would not have altered the probable cause determination. Including this information in the calculus, it is still the case that a named informant with long-standing ties to the defendant provided detailed first-hand information about the alleged crime against her own interest. Significant portions of this information were verified by police. Taking account of the totality of the circumstances, that was "sufficient evidence to cause a reasonably prudent person to believe that a search will uncover

evidence of a crime." *See Gates*, 462 U.S. at 238. Especially in light of Robinson's acknowledgment that some of the omitted information could have actually bolstered Evans's credibility, we do not find the district judge's determination that the omitted information was not material to be clearly erroneous.

Because we have concluded that the district court was not clearly erroneous in finding that the omissions were not material, we need not determine whether Officer Wawrzyniakowski's omissions were intentional or reckless. However, we note that even if we looked to this portion of the *Franks* analysis, Robinson has not pointed to any evidence that would establish that the district court's finding was clearly erroneous in this regard. *See, e.g.*, *United States v. McNeese*, 901 F.2d 585, 594 (7th Cir. 1990) (a defendant has the burden to "offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard").

## III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of a *Franks* hearing.