In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-1022

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANDREW C. MCDUFFY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 4:09-cr-40040—**Joe Billy McDade**, *Judge.*

ARGUED AUGUST 4, 2010—DECIDED APRIL 7, 2011

Before POSNER, ROVNER, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Police executed a warrant to search Andrew McDuffy's home for marijuana and other drugs. They found not marijuana but 11 grams of crack cocaine. McDuffy pled guilty to possessing with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). His conditional guilty plea preserved his right to appeal the district court's denial of his request for a *Franks* hearing to contest allegedly mis-

leading statements in the affidavit supporting the search warrant. See *Franks v. Delaware*, 438 U.S. 154 (1978). The affidavit stated that the police had recently found discarded marijuana in his trash, but it did not mention that the amount found was one small flake of a leaf. McDuffy argues that this quantity was insufficient to establish probable cause to search his home for additional drugs. The affidavit's failure to mention quantity and the issuing judge's apparent failure to ask about quantity do not seem to be the most sound practice, but we believe that even if the tiny amount had been included, the entire affidavit still would have provided probable cause to support the search of McDuffy's home. The district court did not err in denying a *Franks* hearing, and we affirm the court's judgment.

I. *The Facts and Procedural Background*

In February 2009, Officer Eddie Connelly sought a warrant to search for marijuana and other drugs in the Rock Island home that McDuffy shared with his girlfriend Kamarra Jackson. Officer Connelly's supporting affidavit drew upon his own investigation and a confidential informant's report. The informant, who had been in touch with the police for two months, reported having lived in McDuffy's neighborhood for four years. He correctly identified McDuffy's home, which he asserted was plagued by "non-stop" and "obvious" drug traffic. He said he had seen McDuffy hide about two ounces of crack cocaine in his back yard several months earlier, although he did not specify how he was able to

recognize the drug as crack or estimate its weight. The informant also said he had seen McDuffy hand over a "large roll" of cash to two men on his lawn in early February, and that the next day, seven different men stopped by McDuffy's home for five-minute visits.

After receiving the informant's report, Officer Connelly examined the contents of a sealed trash bag left in the alley next to the home shared by Jackson and McDuffy. In the bag he found mail addressed to Jackson, indicating that the trash came from their home. In the trash he also found a small flake of a leaf that field-tested positive for the active ingredient in marijuana, tetrahydrocannabinol.

A criminal background check rounded out the picture. According to local police records, McDuffy had past "involvements for" manufacture or delivery of marijuana, as well as simple possession. According to state and national records, McDuffy had garnered at least six charges and five prior convictions for drug crimes.

The next day, Officer Connelly put all this information in an affidavit for a search warrant, except that he did not give any indication of the actual, tiny quantity of marijuana he had found. He referred only to "an amount of suspected Cannabis." A state judge deemed the affidavit sufficient for a search warrant. With that warrant in hand, police searched McDuffy's home two days later and found not marijuana but the crack cocaine. The local investigation led to this federal prosecution.

In the district court, McDuffy moved to suppress the crack and, in the alternative, requested a *Franks* hearing on

the ground that Officer Connelly deliberately misled the judge when he failed to quantify the tiny amount of marijuana found in his trash. The court denied both motions. The affidavit was sufficient to establish probable cause, the court concluded, because of the combination of the report from the informant, the marijuana found in the trash, and McDuffy's history of drug crimes. The district court found that the omission of quantity was not material because "any measurable amount" would be sufficient to support a violation, citing *United States v. Biondich*, 652 F.2d 743, 744-46 (8th Cir. 1981) (affirming conviction for possession of 0.26 grams of cocaine), so that even a tiny marijuana flake, together with the other information in the affidavit, would support probable cause to search McDuffy's home. McDuffy pled guilty and was sentenced to 120 months in prison.

II. *Analysis*

On appeal McDuffy argues that the district court wrongly denied him a *Franks* hearing to challenge the honesty of the affidavit supporting the search warrant. If the state judge had understood just how little marijuana was found, McDuffy contends, the judge would not have found probable cause to allow a search of the home for more.

To obtain a *Franks* hearing based on the omission of marijuana quantity, McDuffy had to make a substantial preliminary showing that the omission was reckless or intentional, and that curing it would defeat probable cause; an omitted detail is "material" only if its inclusion

would upset a finding of probable cause. *Franks*, 438 U.S. at 155-56; *Whitlock v. Brown*, 596 F.3d 406, 410-11 (7th Cir. 2010); *United States v. Robinson*, 546 F.3d 884, 888 (7th Cir. 2008); *United States v. Harris*, 464 F.3d 733, 738 (7th Cir. 2006). The probable cause inquiry is objective and rooted in common sense, requiring only a substantial likelihood, not a certainty, that a search will uncover evidence of criminal conduct. *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983); *United States v. Aljabari*, 626 F.3d 940, 944 (7th Cir. 2010); *United States v. Dismuke*, 593 F.3d 582, 586 (7th Cir. 2010).

McDuffy's argument fails on the materiality prong of the *Franks* test, even if we assume for purposes of argument that Officer Connelly's omission of the amount of marijuana he found in the trash was a deliberate choice. Even a very small quantity of marijuana in the trash provided sufficient reinforcement of the other information in the affidavit indicating a reasonable likelihood that McDuffy was dealing drugs from his home. Each individual detail in the affidavit would not have been sufficient by itself to support a finding of probable cause, but the details were mutually reinforcing. The whole was greater than the sum of the individual details. See *United States v. Olson*, 408 F.3d 366, 372 (7th Cir. 2005) (affirming denial of motion to suppress; individual details were not sufficient for probable cause but together supported issuance of search warrant); see also *Aljabari*, 626 F.3d at 944 (relying on totality of circumstances to support search warrant).

The currency handoff on McDuffy's lawn, followed the next day by the arrival of seven men who each stayed

for five minutes or less, was suspicious in and of itself, and even more so in light of the marijuana the police found in his trash. The transactions observed by the informant increased the likelihood that McDuffy was directly involved with any drugs found in his trash, and that he was handling larger quantities. McDuffy's many prior drug convictions cast doubt on any innocent explanations for the marijuana flake, the currency handoff, and the stream of visitors to his home. See *United States v. Smith*, 581 F.3d 692, 694 (8th Cir. 2009) (interpreting evidence from suspect's trash in light of prior conviction).

Thus, even if the affidavit had been revised to clarify that only one flake of marijuana was found in the trash, the affidavit would still have reflected a "substantial chance" that police could find drugs in McDuffy's home. *Gates*, 462 U.S. at 244 n.13; see also *Aljabari*, 626 F.3d at 944; *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006). Because curing the omission of the amount would not defeat probable cause, the omission was not material. The district court did not clearly err in denying a *Franks* hearing. See *Robinson*, 546 F.3d at 887-88 (applying "clear error" standard to review of decision to deny *Franks* hearing and finding no error where omitted information would not have undermined probable cause).

McDuffy offers three arguments to oppose this conclusion, but none is persuasive. First, he uses the confidential informant's conclusory statements about drug activity to question his reliability. But the report of the currency handoff followed by the visitors to McDuffy's home was firsthand and precise, and thus more reliable.

See *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002). The report gained some additional reliability from the informant's decision to come forward with information about a neighbor and thus expose himself to prosecution for making false statements to police. See *Dismuke*, 593 F.3d at 588.

Second, McDuffy points out that his prior convictions should not be dispositive in establishing probable cause. See *Olson*, 408 F.3d at 372; *United States v. Peck*, 317 F.3d 754, 757 (7th Cir. 2003). That may be true, but McDuffy's prior convictions were still relevant and entitled to some weight, *Olson*, 408 F.3d at 372, and using them to interpret other details in the affidavit does not make them dispositive.

Third, McDuffy stresses that the drug quantity found in his trash was very small. Yet even a tiny bit of discarded drugs increases the likelihood that police will find more in the home. *United States v. Billian*, 600 F.3d 791, 794 (7th Cir. 2010) (noting that small quantities of marijuana in trash indicated that there was marijuana in house, not that the small quantities were all that defendant had possessed); *United States v. Colonna*, 360 F.3d 1169, 1175 (10th Cir. 2004) (affirming denial of motion to suppress where warrant was based in part on discovery of two burnt ends of marijuana cigarettes in trash); see also *People v. Balsley*, 769 N.E.2d 153, 155, 157 (Ill. App. 2002) (reversing grant of motion to suppress; tiny quantities of marijuana in trash supported probable cause, in conjunction with other facts). In any event, none of the items from the affidavit should be viewed in isolation. See *Olson*, 408 F.3d at 372.

Because an accurate description of the drug quantity would not have defeated probable cause, we need not decide whether the omission was reckless or intentional.

The judgment of conviction is AFFIRMED.