NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2011
Decided June 2, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1306

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-40057-001 |
| DAVID R. MILLAR, *Defendant-Appellant.* | Joe Billy McDade, *Judge*. |

**O R D E R**

Police in Geneseo, Illinois, searched David Millar's truck and found a small amount of marijuana and $4,000 in bogus $100 bills. Millar confessed, after *Miranda* warnings, that a Washington drug dealer had given him the bills and promised to forgive a $500 drug debt if he would drive to Pennsylvania and use the bills to buy LSD for the dealer. After Millar was charged with possession of counterfeit currency, 18 U.S.C. § 472, he moved to suppress his confession and the evidence from the search. The district court denied the motion, and Millar entered a conditional guilty plea, reserving the right to challenge the ruling on appeal. The district court sentenced him to time served and three years' supervised release. Millar filed a notice of appeal, but his appointed lawyer has moved to withdraw after concluding that any appellate claim would be frivolous. *See Anders v. California*, 386 U.S. 738

(1967). Millar has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The district court denied Millar's motion to suppress after receiving testimony from three government witnesses, including Officer Michael Chavez, who searched Millar's truck. Chavez testified that he was at a gas station buying coffee when he noticed Millar's truck with a sign in the window announcing that the owner needed money for gas. The station manager told Chavez that the truck had been parked overnight and asked for the officer's help in getting the occupants–-Millar and his companion—to leave. Chavez approached the truck, tapped the glass to awaken the occupants, told them about the manager's complaint, and asked for identification. Millar and his companion produced identification from Washington and Oregon, but neither had a valid driver's license.

Officer Chavez then asked Millar's permission to search the truck, and, according to Chavez, Millar readily agreed. (On cross-examination, Millar's lawyer asked Chavez to recount the exchange as close to verbatim as possible. Chavez replied that he asked Millar, "Is it okay if I search your vehicle?" and Millar replied, "Sure, no problem.") As Chavez began his search, he noticed a small amount of what he thought was "shake," or loose marijuana leaves, on the floorboard in front of Millar's seat. Chavez then opened a backpack and found more marijuana in a baggy and a prescription pill bottle containing a white residue. Millar said the bottle belonged to his father, but the label listed the name "Reinhold Freiske," who was born only 4 years before Millar.

At this point Millar narrowed the scope of his consent. Officer Chavez testified that Millar asked him not to examine the laptop computer in the backpack and then withdrew his consent entirely. Chavez said he replied that Millar's consent no longer mattered, though he did not search the computer. He did search a briefcase, however, where he found all but two of the counterfeit bills. The others were found later when the backpack was reexamined.

Millar presented no witnesses at the suppression hearing. His lawyer conceded that Millar had given valid consent but argued that it did not extend to the backpack or briefcase because Chavez did not define the scope of his consent in writing. Counsel also argued that the small amount of marijuana that Chavez had spied on the floorboard was not enough to establish probable cause to search the entire car and its contents for contraband. As a result, said counsel, the evidence and confession should be suppressed.

The district court denied Millar's motion. The court concluded, without explanation, that Millar's initial consent had not included permission to search the backpack or

briefcase. But the discovery of the marijuana, the court reasoned, gave Chavez probable cause to search the entire truck and its contents for further contraband. The court also concluded that Millar had been given his *Miranda* warnings before his custodial interrogation.

In his *Anders* submission counsel first evaluates whether Millar could challenge the ruling on his suppression motion. But counsel correctly concludes that any challenge would be frivolous. Millar's verbal consent was enough; a writing can be helpful, but is not required to establish consent. *See United States v. Dean*, 550 F.3d 626, 630 (7th Cir. 2008); *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004). In addition, there is no support for the district court's conclusion that Millar cabined his initial consent. It was objectively reasonable for Officer Chavez to conclude that Millar's general consent to search the truck included any container within the truck. *See United States v. Mayo*, 627 F.3d 709, 715 (8th Cir. 2010); *United States v. Patterson*, 97 F.3d 192, 195 (7th Cir. 1996). And even if Millar's consent had been as narrow as the district court assumed, Chavez had probable cause to search the entire truck—including closed containers—as soon as he opened the driver's side door and saw the marijuana "shake" on the floorboard. *See California v. Acevedo*, 500 U.S. 565, 580 (1991); *United States v. Mosby*, 541 F.3d 764, 768 (7th Cir. 2008); *United States v. Cherry*, 436 F.3d 769, 772 (7th Cir. 2006). Millar largely pinned his hopes at the suppression hearing on the quantity of marijuana on the floorboard, which he argued was too little to support a finding of probable cause. But the amount was irrelevant. *E.g.*, *United States v. McDuffy*, 636 F.3d 361, 364 (7th Cir. 2011); *United States v. Billian*, 600 F.3d 791, 794 (7th Cir. 2010).

Counsel advises that Millar does not wish to challenge his guilty plea on any ground unrelated to his motion to suppress, and thus the lawyer appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). Millar's attorney does briefly consider challenging the reasonableness of his prison term (here just under 7 months). Millar's total offense level of 8 and criminal history category of III yielded a guidelines imprisonment range of 6 to 12 months. *See* U.S.S.G. §§ 5A (Sentencing Table), 5G1.1(c). The term Millar received is at the low end of this range, and the record offers nothing to challenge the presumption of reasonableness we apply to such within-guidelines sentences. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Coopman*, 602 F.3d 814, 819 (7th Cir. 2010).

Counsel's motion to withdraw is **GRANTED**, and Millar's appeal is **DISMISSED**.