**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 16, 2011
Decided November 28, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 11-1431

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> RANDOLPH SULLIVAN, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Western Division. <br><br> No. 09 CR 50024-1 <br><br> Frederick J. Kapala, <br> *Judge*. |

**O R D E R**

After police officers searched his home pursuant to a warrant, Randolph Sullivan was charged with possession of heroin with intent to distribute, *see* 21 U.S.C. § 841(a)(1), possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g), and possession of a firearm in furtherance of a drug-trafficking crime, *see id.* § 924(c)(1)(A)(I). A jury found him guilty of all three charges. The district court sentenced him as a career offender under U.S.S.G. § 4B1.1 to 400 months. He appealed, but his appointed counsel contends that the appeal is frivolous and seeks permission to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Sullivan opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to

the issues identified by counsel in his facially adequate brief and by Sullivan in his response. *See United States v. Shuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Sullivan could challenge the sufficiency of the evidence supporting his convictions, but properly concludes that any such challenge would be frivolous. When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the government and will uphold the jury's verdict so long as any rational jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Aldridge*, 642 F.3d 537, 544 (7th Cir. 2011). As counsel explains, the evidence of guilt presented to the jury was strong. Physical evidence(the drugs and the gun) was presented at trial, and the jury heard uncontradicted testimony by police officers and Sullivan's former girlfriend that the drugs and gun were his and that he possessed the gun in furtherance of his drug operation. The officers testified that when they arrived at Sullivan's house to execute the search warrant (which they had obtained after receiving tips and conducting surveillance), they saw Sullivan try to conceal a bag of heroin by throwing it away. They recovered it and arrested him; he had nearly $1700 cash on his person despite being unemployed. The officers also testified that in Sullivan's bedroom they found more money, heroin, and a handgun. Sullivan's former girlfriend testified that Sullivan owned these items and had purchased the gun (which was stolen) from a fellow drug dealer to facilitate his drug operation. Given this evidence, we agree with counsel that it would be frivolous for Sullivan to challenge the jury's verdict.

Counsel also evaluates whether Sullivan might argue that the district court erred in denying his motion to suppress evidence obtained from his residence without an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). To be granted a *Franks* hearing, Sullivan had to make a preliminary showing that the police obtained the search warrant by intentionally or recklessly including material false information in the officer's supporting affidavit. *Id*. at 155–56; *United States v. McDuffy*, 636 F.3d 361, 363 (7th Cir.1978). Sullivan argued to the district court that the affidavit contained false information: the affidavit stated that visitors to his house knocked on a door that he says was never used. The district court brushed off this argument as immaterial, noting that other information in the remainder of the affidavit was sufficient to support a finding of probable cause. In the affidavit, the officer detailed other surveillance during which Sullivan briefly entered a vehicle that later was found to contain heroin; he included information from confidential informants about Sullivan's drug dealing; and he described a trash pull outside Sullivan's house that turned up materials frequently used to dilute and package heroin for sale. Because the court properly found that Sullivan failed to show that a material false statement was included in the officer's supporting affidavit, an appeal on this ground would be frivolous.

Additionally counsel considers whether Sullivan could challenge the validity of his 400-month sentence but correctly concludes that this challenge would also be frivolous. Based on Sullivan's multiple convictions in this case, including one under 18 U.S.C. § 924(c), and at least two prior violent felony convictions (attempted murder and aggravated battery), Sullivan's guidelines range was properly calculated at 360 months to life under U.S.S.G. 4B1.1(c)(3), and counsel has been unable to identify any basis to challenge the presumption of reasonableness that applies to a within-guidelines sentence such as Sullivan's. *See Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir. 2011). At sentencing, the district court weighed the appropriate factors under 18 U.S.C. § 3553; it explained that the evidence in mitigation——Sullivan's difficult childhood, heart problems, and pursuit of a GED——did not counter the evidence of Sullivan's prior convictions for violent offenses, his recidivism, and his role as a gang leader. An appeal challenging Sullivan's sentence would be frivolous.

Counsel also considers whether Sullivan could argue that he received ineffective assistance of counsel, but counsel does not single out any aspect of his performance in the district court as arguably ineffective. As a general rule, a claim of ineffective assistance is best saved for collateral review where the record can be further developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005). And if, as in this case, appellate counsel would have to argue that he was himself ineffective, the claim is especially inappropriate on direct appeal. *See United States v. Fuller*, 312 f.3d 287, 291 (7th Cir. 2002).

In response to counsel's motion to withdraw, Sullivan insists without elaboration that a portion of his former girlfriend's testimony at trial lacked foundation and that this provides a nonfrivolous ground for appeal. She testified that Sullivan knew she was selling heroin on his behalf while he was hospitalized recovering from a heart attack. This argument would be frivolous. Not only did Sullivan fail to object to this testimony at trial, but the witness explained in detail how Sullivan knew about——and directed——her drug dealing.  Finally, Sullivan has also filed an amended response to counsel's brief, but this submission is untimely and will not be considered.

Counsel's motion is to withdraw is GRANTED and the appeal is DISMISSED.